UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| JASON TURNER, § | |
| Plaintiff § | |
| § | |
| vs. § | |
| § | Case No. 6:19-cv-521 |
| § | |
| PROCESSING TECHNOLOGIES § | |
| INTERNATIONAL, LLC § | |
| AND JOHN DOES 1-25, § | |
| Defendants § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, JASON TURNER, Plaintiff, brings this lawsuit complaining of Processing Technologies International, LLC (hereinafter "PTI"), and John Does 1-25; Defendants, and for cause of action would respectfully show the Court the following:

1. This is an action for damages in excess of the sum of seventy-five thousand dollars ($75,000.00), exclusive of interests and costs.

2. Jurisdiction in this matter is based upon 28 U.S.C.A. § 1332, diversity of citizenship.

3. At all times material hereto, PLAINTIFF was and is a resident of Bell County, Texas and is domiciled in this county and state.

4. Defendant, Processing Technologies International, LLC, (PTI), is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 2655 White Oak Circle, Aurora, Illinois 60502. PTI's registered agent for service of process is Kenneth W. Clingen, 2300 Cabot Drive, Suite 500, Lisle, Illinois 60532. PTI sells or has sold products to Texas businesses.

5. Defendants, John Does 1-25 are hereto as of yet unascertained persons or entities which were involved in the design, manufacture, sale, distribution and installation of the product which injured the plaintiff.

6. Venue is proper in this Court because the activities giving rise to this cause of action occurred via the sale and installation of the product(s) into the Western District of Texas, resulting in damages to the PLAINTIFF and personal injuries in the Western District of Texas.

7. Venue is proper in this Court because the tortious wrongs, and the product liability fault of the defendants, individually, or alternatively collectively, caused the injuries in this Judicial District of Texas.

## FACTS

8. On or about March 6, 2018, PLAINTIFF was an employee of Pactiv Corporation (hereinafter "Pactiv") working at his employer's premises in Temple, Texas when injured at or around 10:00 p.m.

9. JASON TURNER was replacing plastic stock by which the Defendants' product turns unformed plastic into food grade containers, when an unguarded and unreasonably dangerous piece of the machine caught JASON TURNER'S hand, ripping his muscles and tendons and degloving him, resulting in JASON TURNER'S hand having to be amputated above the wrist.

10. PLAINTIFF'S injury was caused by the involved machinery, a Revolution brand roll-stand extrusion machine, model number R481520, serial number 4958 (hereinafter referred to as the "extrusion machine"), which was manufactured and sold by Defendants' predecessors in liability Processing Technologies, LLC, to Pactiv, before 15 years from the initial filing of the plaintiff's cause of action.

11. Despite knowing that when machines are not guarded that injuries to workers will occur, Defendants used defective designs which made the "as-installed" extrusion machine unreasonably dangerous and defective, it was without proper guards, lockouts, or sensors. Further, defendants failed to warn Plaintiff of the hazard, and they failed to protect Plaintiff from harm it knew or should have known would occur when replacing plastic stock.

12. Defendants, as product manufacturers, and/or sellers, and/or distributers, are presumed to know of the defects in the design, and in the lack of proper warnings, and in failing to guard, as set-forth above at paragraph "11," stated above. The design and warning/labeling defects rendered the product in violation of the Restatement of Torts 2nd and 3rd, including Section 402A.

## **NEGLIGENCE**

13. In addition, PLAINTIFF would show the Court that the occurrence made the basis of this suit and the resulting injuries and damages set out below were a direct and proximate result of the negligence and fault of Defendants in one or more of the following respects, or by combination thereof:

   a. DEFENDANTS, each individually is sued for failing to design the EXTRUSION MACHINE, or their respective parts of it, to include a guard or shield on its feeding mechanisms, or moving parts, [Also known as "pinch points"], as would have been done by a reasonable and prudent manufacturer under the same or similar circumstances.

   b. Each of the DEFENDANTS failed to install onto the EXTRUSION MACHINE, or their respective parts, to include a guard or shield on the moving pinch point part

that caught JASON TURNER'S hand, as would have been done by a reasonable and prudent manufacturer under the same or similar circumstances.

c. Each of the DEFENDANTS failed to install onto the EXTRUSION MACHINE, or their respective parts, to include a failsafe guarding, and/or gating system, and/or "lockout-tagout" system, which would make the machine inoperative, and unable to be started, when refeeding plastic stock, or otherwise working with, or on, or in the vicinity of, the machine's otherwise unguarded and dangerous parts and components, as would have been done by a reasonable and prudent manufacturer under the same or similar circumstances.

d. Each failed to warn of dangerous conditions on the machinery, including dangerous "pinch points," which they knew or should have known existed.

e. Each failed to test the involved machinery to discover the defects in the design and lack of warnings and proper labels warning of the dangerous condition of the machine.

## PRODUCT LIABILITY

14. Defendants had a duty to provide and install a reasonably safe and hazard-free machine to JASON TURNER. Defendants violated numerous duties by:

a. Failing to provide a reasonably safe and hazard-free product for its users, without unreasonably dangerous propensities and hidden defects;

b. Failing to properly warn the buyer and user of unsafe and potentially hazardous conditions, specifically, of the lack of guarding on its feeder rollers, and emergency shut off button;

c. Failing to take affirmative steps to test and discover unsafe and potentially hazardous conditions;

d. Failing to inspect and test the unit to insure no unreasonably dangerous conditions existed on the machine;

e. Failing to guard against pinch points and nip points, and machine-grabbing points.

f. Failing to adequately instruct and label the machine with warning labels or placards;

g. Knowing that the condition of the "Extrusion Machine" posed an unreasonable risk of harm and then failing to eliminate or reduce the risk; and, therefore, violating Texas Liability Laws as stated in Texas Business and Commerce Code § 2.315 and the Restatement Second of Torts, Section 402A, and the Restatement Third of Torts.

h. Defendants' negligence, or alternatively their fault in making a defectively designed product, or alternatively due to the machinery's marketing deficiencies in failing to warn, separately, or alternatively, were the proximate cause of Plaintiff's injuries and damages.  In addition, Defendants had actual or constructive knowledge of conditions in its machine that posed an unreasonable risk of harm to users such as Plaintiff, and the machine violated the standard of care explained and required by Federal OSHA regulations.

i. There was a safer alternative design which would have implemented appropriate guarding and warnings which in turn would have prevented the PLAINTIFF'S injury and these design improvements and proper warnings were technically and economically feasible.

## BREACH OF WARRANTY

15. Because Plaintiff was a user of the Extrusion Machine, Defendants owed him a duty to:

   a. exercise ordinary care to sell a machine that was fit for the purposes of industrial use, without the risk of harm of being injured in the course of his work duties, which made it unreasonably dangerous and unsafe, in violation of the Restatement of Torts 2nd, the Texas Business, and Commerce Code part 2.315, and also constituted a failure to exercise ordinary care in the design, manufacturing, and marketing of said machine;

   b. exercise proper inspection and testing of the Extrusion Machine to insure that it would be sold in a properly assembled and safe condition;

   c. fulfill the implied and/or specific warranty of fitness for a particular purpose (Texas Business and Commerce Code part 2.315) as a safe industrial machine, and under the Texas Business and Commerce code, part 2.314, that it meet the Implied Warranty that it is merchantable and fit for industrial purposes without the risk of injuring while being swabbed without any warning, and with the potential to cause injuries to the operator, in this case injury to JASON TURNER;

   c. manufacture an Extrusion Machine that is reasonably fit for the purposes for which they were intended without unreasonable risks of harm, and DEFENDANTS are liable for violating the above duties and laws.

   d. Because the Extrusion Machine made by DEFENDANTS was defectively designed and contained marketing defects, it was unreasonably dangerous and caused the incident and injuries to plaintiff's arm and body.

## DAMAGES

16. Plaintiff respectfully requests the following damages to be considered separately and individually for the purpose of determining the sum of money that will fairly and reasonably compensate Plaintiff:

   a. The amount of reasonable medical expenses which was paid by (Workers' Compensation/Insurance) and paid on behalf of Plaintiff.  Such medical treatment was necessarily incurred in the treatment of Plaintiff's injuries in the past and are owed.  Plaintiff seeks recovery of costs for future medical and physician treatment, drugs, and expenses for therapy, and treatment and repair of disfigurement that will be reasonably incurred in the future;

   b. The loss of earnings and earning capacity and benefits in the past and future;

   c. The physical incapacity and functional impairment suffered by the Plaintiff and the resulting inability to do those tasks and services the Plaintiff ordinarily would have been able to perform for the past and future;

   d. The mental anguish Plaintiff has suffered in the past and will continue to suffer in the future;

   e. The physical pain and suffering Plaintiff has suffered in the past and will continue to suffer in the future;

   f. The extreme disfigurement which Plaintiff has suffered from the date of the occurrence in question in the past, and she will continue to suffer in the future.

## PUNITIVE DAMAGE

17. The Defendants' conduct, when viewed from the standpoint of the actor at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude

of the potential harm to others. Furthermore, Defendants' conduct illustrates an attitude not only of conscious indifference for the safety of others, but shows Defendants' actual and subjective awareness of the dangers of such conduct.

18. Nevertheless, these Defendants proceeded with a conscious indifference to the rights, safety or welfare of others. Therefore, Defendants are liable for punitive damages as those terms are understood in law.

## PRAYER

19. WHEREFORE, PLAINTIFF, JASON TURNER, respectfully pray that the DEFENDANTS, be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the PLAINTIFF against DEFENDANTS for damages in an amount within the jurisdictional limits of the Court; costs of court, pre-judgment and post-judgment interest as allowed by law; together with pre-judgment interest and such other and further relief to which the PLAINTIFFS may be entitled at law or in equity, AND TRIAL BY JURY.

Respectfully submitted,

*/s/ S. Reed Morgan*
ATTORNEY
THE CARLSON LAW FIRM
Texas State Bar No: 14452300
100 E. Central Texas Expy
Killeen, TX 76541
Telephone: (800) 359-5690
Facsimile: (254) 526-8204
E-Mail: rmorgan@carlsonattorneys.com